INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
AFL–CIO, Plaintiff,

v.

William E. BROCK, Secretary of
Labor, et al., Defendants;

Tennessee Valley Authority,
Intervening Defendant.

Civ. A. No. 85–3105.

United States District Court,
District of Columbia.

April 9, 1986.

Terry R. Yelling, David Potts-Dupre, Washington, D.C., for plaintiff.

Robert Damus, Virginia Strasser, Civil Div., Dept. of Justice, Washington, D.C., for defendants.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Assoc. Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Brent R. Marquand, Knoxville, Tenn., for intervening defendant TVA.

## MEMORANDUM

GESELL, District Judge.

Plaintiff Union ("IBEW") seeks to compel the Secretary of Labor to determine prevailing wages for its members employed by the Tennessee Valley Authority ("TVA") for the year 1985. It has invoked Section 3 of the Tennessee Valley Authority Act, 16 U.S.C. § 831b.

The issues have been thoroughly briefed and argued on IBEW's motion for summa-

ry judgment and the separate cross-motions for summary judgment filed by the Secretary of Labor and TVA.

Section 3 of the 1933 TVA Act requires the TVA to pay its employees and contractors not less than the prevailing rates of wages and provides that

In the event that any dispute arises as to what are the prevailing rates of wages, the question shall be referred to the Secretary of Labor for determination, and his decision shall be final. In the determination of such prevailing rate or rates, due regard shall be given to those rates which have been secured through collective agreement by representatives of employers and employees.

16 U.S.C. § 831b. The statute provides no procedures regarding how the Secretary is to carry out his duty. The legislative history is unenlightening. There are no regulations or procedures established by the Secretary to determine whether a dispute truly exists or how to decide it. The Secretary's wage rate determinations are not subject to judicial review. *Cf. Universities Research Association. v. Coutu,* 450 U.S. 754, 761 n. 10, 101 S.Ct. 1451, 1457 n. 10, 67 L.Ed.2d 662 (1981) (referring to same determination under Davis-Bacon Act).

IBEW is a member of the Tennessee Valley Trades and Labor Council, which is party to a collective bargaining agreement with TVA called the General Agreement. The General Agreement contemplates that prevailing wages for employees represented by some seven different unions, including IBEW, shall be jointly bargained between TVA and representatives of the Council. The Agreement provides that each year the Council or the TVA may call a "preliminary conference." At the preliminary conference a determination is made as to whether a "wage conference" to consider requests for revisions in wage rates is necessary. Any union dissatisfied with the prevailing wage determination following a full wage inquiry and negotiation at the wage conference may refer to the Secretary for decision. (R.Ex.A. p. 12–14; Ex. B, p. 65–67). In the past, the Secretary has accepted referrals made after a wage conference in accordance with the Agreement.

While an annual review was possible in the present instance, at the 1984 preliminary conference the Council proposed, and TVA agreed, not to hold a wage conference and thereby keep existing wages in effect for the year 1985. IBEW knew of this action but abstained from the Council's unanimous vote and did not dissent or object when the proposal was made to TVA. (R. 298–99; 324–325). It was not until after the TVA had accepted the Council's offer that IBEW indicated a desire to revise some wage schedules. TVA refused to negotiate outside the procedures of the General Agreement.

IBEW appealed to the Secretary under Section 3 for a determination of the prevailing wage rate for its members. No provision is made in the Agreement recognizing any right to refer to the Secretary under these circumstances; nor is it provided that no such reference can be made. In referring the matter to the Secretary, IBEW admitted it had no data available indicating that the TVA rate was not the prevailing rate and suggested it would take four months to develop information. (R. 329–330).[1]

The Secretary decided that, under the circumstances surrounding the appeal, it would not be appropriate to hear the dispute. The Secretary was careful to emphasize that he was not statutorily obligated to recognize the provisions of the General Agreement. But in light of the fact that the procedures had historically been adhered to, that IBEW had agreed to be bound by the agreement, that IBEW did not vote against deferral of the wage conference or voice its opposition when proposed to TVA, and that the collective bar-

---

1. Plaintiff has submitted an affidavit purporting to explain its actions in abstaining and failing to object at the preliminary conference. However, the Court must review the Secretary's action on the record before the Secretary and not the undisclosed intentions of the union's representative. Defendants' motion to strike the affidavit will be granted.

gaining procedures which had been violated were entitled to great deference, the Secretary concluded that no wage determination should be made.

Thus the primary issue is whether or not the language of Section 3 requires the Secretary to proceed to establish a prevailing rate for IBEW under these special circumstances. It is a question of first impression.

The Secretary and TVA take divergent views of the Secretary's statutory responsibilities. TVA contends that the Secretary is without power to intervene until a wage dispute has been fully developed through the "administrative process" set forth by the General Agreement.[2] The Secretary and IBEW contend that the Secretary can made a determination under Section 3 whenever a matter is referred to him, but dispute whether he may, in his discretion, decline under the circumstances presented here.

TVA's view is clearly erroneous. TVA has no authority to define when a "dispute" exists within the meaning of the statute, as it argues. The collective bargaining agreement is not an exercise of TVA's discretion to establish a binding administrative procedure. The authority to implement the prevailing wage provision lies with the Secretary of Labor and the TVA cannot require the Secretary to make appellants exhaust contractual procedures before addressing a dispute.

The Secretary's power under the statute to determine the prevailing wage whenever a dispute concerning such is referred to him is clear. The statute is far less clear as to whether or not the Secretary must decide every so-called dispute regardless of the underlying circumstances.

Nonetheless, the Court concludes that the Secretary must be allowed some discretion to decline to make a determination when an appeal is improvidently or inappropriately presented. In this case the Secretary's decision not to act on the referral as framed was, under all the circumstances, reasonable and not arbitrary. The historical method for establishing prevailing wage rates under the collective bargaining contract had not been followed. IBEW failed to raise its objections to the wage schedules in a timely manner. Finally, no showing of failure to pay prevailing rates was presented to the Secretary and, indeed, it is difficult to ascertain from what was before the Secretary that a genuine dispute or disparity in wages even existed.[3]

While the Secretary would be subject to Court order requiring him to act on a referral of a substantial dispute if he were to decline in the face of a clear factual showing of failure to pay prevailing wage rates, there is no basis for the Court's intervention here. The Secretary has simply deferred by giving "due regard" to rates secured by collective bargaining as Section 3 instructs. IBEW has ample opportunity to pursue the matter by following the collective bargaining process. All that would be required would be to record its dissent to any further deferral and present concrete proof that other unions are locking its craft into less than the prevailing wage. In short, the Secretary has statutory power to proceed in spite of a collectively bargained rate but is not required to do so

2. TVA's claim that the Council is an indispensible party is without merit. The absence of the Council in no way prejudices this Court's ability to grant complete relief between IBEW and the Secretary. TVA has been unable to identify any inconsistent obligations that might be created or impact on a substantial interest of the Council within the meaning of Fed.R.Civ.P. 19(a). IBEW's request for an interpretation of its statutory right to appeal to the Secretary for a determination which is separate and independent from the General Agreement does not require that it join all the parties to the contract. *See National Licorice Co. v. National Labor Relations Board,* 309 U.S. 350, 363–64, 60 S.Ct. 569, 576–77, 84 L.Ed. 799 (1940). IBEW has a right to press its interpretation without bringing the Council into court.

3. IBEW invoked Article VIII and Schedule ¶ 11, § 13 of the General Agreement incorrectly as proof of disagreement since, in fact, there had been no wage conference.

absent a factually supported showing that a genuine dispute exists.

An appropriate Order is filed herewith.

### ORDER

Upon consideration of the motions of the parties for summary judgment, and the entire record herein, and for the reasons set forth in the Court's Memorandum filed with this Order, it is hereby

ORDERED that the motion of Tennessee Valley Authority to dismiss for failure to join an indispensible party is denied; and it is further

ORDERED that the motion of defendants to strike the affidavit of Carl Lansden is granted; and it is further

ORDERED that defendants' motion is granted and summary judgment is entered for defendants; and it is further

ORDERED that the motions for summary judgment of plaintiff International Brotherhood of Electrical Workers, AFL–CIO and intervening defendant Tennessee Valley Authority are each denied.